In the Matter of the Intermediate Accounting of TITLE GUARANTEE AND TRUST COMPANY, as Trustee under the Will of THOMAS F. BALFE, Deceased, Respondent. LORNA D. DE MOTT, an Infant, by NORMA L. DE MOTT, her mother, Acting in her Behalf, Appellant; LORNA D. DE MOTT, an Infant, by GEORGE M. NORTHROP, Her Special Guardian, Appellant.— Order of the Orange County Surrogate's Court denying appellant's application to compel the trustee herein to make and settle an intermediate account of its proceedings as such trustee, affirmed, with $10 costs and disbursements to all parties filing briefs payable out of the estate. No opinion. Close, P. J., Hagarty, Johnston and Lewis, JJ., concur; Aldrich, J., dissents and votes to reverse and to grant the application on the authority of Riordan v. Ferguson (147 F. 2d 983).

In the Matter of the Construction of the Will of SUSANNA W. CARVALHO, Deceased. SARAH C. CREHORE, Individually and as Cotrustee under the Will of SUSANNA W. CARVALHO, Deceased, et al., Respondents; ROY E. PARDEE, as Cotrustee under the Will of SUSANNA W. CARVALHO, Deceased, Appellant.— In a proceeding for the construction of the last will and testament of Susanna W. Carvalho, deceased, decree of the Surrogate's Court of Nassau County, insofar as appealed from, unanimously affirmed, with one bill of costs to each of the parties appearing and filing separate briefs upon this appeal payable out of the fund. No opinion. Present — Hagarty, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ.

In the Matter of a Plan of Readjustment of the Rights of Holders of Investments in a Mortgage Covering Premises No. 50–05 43rd Ave., Woodside, Borough of Queens, Guaranteed by BOND AND MORTGAGE GUARANTEE COMPANY. (Guarantee No. 181,615.) WILLIAM T. HARRIS, as Trustee for Certificate Holders, et al., Appellants; CANFIELD PROPERTIES CORP. et al., Respondents.— In proceedings subsequent to judicial approval of a plan promulgated by the holders of a certificated mortgage investment, order denying approval of an agreement to extend the due date of the mortgage indebtedness, and order approving the sale of the mortgage, affirmed, without costs. The approved plan recites that the reorganization was under chapter 745 of the Laws of 1933 (as amd.; the Schackno Act), whereas the claim is that it was under chapter 19 of the Laws of 1935 (as amd.; the Mortgage Commission Act); but in any event the plan as approved contemplates that the court should retain jurisdiction over the trust and be empowered to direct a sale of the mortgage over the objection of the trustee if that appear to the court to be just and proper. The order approving the sale directs a sale at 93% of the unpaid principal amount of the mortgage, and leave was given to the certificate holders to purchase on the same terms. There was no abuse of discretion in making the orders. The liquidating trusts should be terminated and the discretion of the Special Term, when wisely exercised, should not be interfered with. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur. [See post, p. 940.]